IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FIREMAN'S FUND INSURANCE COMPANY et al.

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 04-1692C
(Judge Christine O.C. Miller)

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A, Rules of the United States Court of Federal Claims, the parties respectfully submit the following Joint Preliminary Status Report in response to questions set forth in paragraph III(4) of Appendix A.

a. Jurisdiction:

The parties currently perceive no jurisdictional defects in this case.

b. Consolidation:

The parties do not believe that this case should be consolidated with any other case at this time. The parties are aware that, in the future, Fru-Con Construction Corporation ("Fru-Con"), the contractor that took over the construction project (the "Project") at issue in the instant action after Plaintiff J.A. Jones Construction Company declared bankruptcy, may commence a separate action raising claims related to the Project. If so, the parties may request that Fru-Con's case and this case be consolidated.

c. Bifurcation:

The parties do not believe that the trial of liability and quantum should be bifurcated.

d. Deferral:

The parties know of no reason to defer proceedings in this case pending consideration of any other case presently before the Court.

e. Remand/Suspension:

See response to item c, above.

f. Joinder:

There is a possibility that the Court may be asked to join Fru-Con (described in item b, above) in the instant action. The parties do not presently have a proposed schedule to effect Fru-Con's joinder.

g. Dispositive Motions:

The parties do not anticipate filing dispositive motions prior to the completion of discovery but may reassess the filing of dispositive motions during the discovery period.

h. Relevant Issues:

1. Whether the Government's concrete specifications were defective and whether such defective specifications caused Plaintiffs to incur additional time and costs in completing the Project.

2. Whether the Government's issuance of the concrete specifications constituted a violation of the Government's implied warranty of the adequacy of its plans and specifications.

3. Whether the Government actionably interfered with the local labor market causing the Project to suffer perpetual labor shortages.

4. Whether, in connection with the concrete specifications and the Project's labor shortages, the Government breached its implied contractual duties of cooperation, non-interference, and good faith and fair dealing.

5. Whether, in connection with the concrete specifications and the Project's labor shortages, the Government effected a cardinal change to the contract governing the Project.

6. Whether, in connection with the concrete specifications and the Project's labor shortages, the Government effected a constructive change to the contract governing the Project.

7. Whether the Government violated its duty to disclose by not disclosing information relating to the Projects' labor shortages.

8. Whether Plaintiffs are entitled to recover the approximate amount of $33,500,000, together with interest and costs.

9. Whether Plaintiffs are entitled to additional time and an extension of the contract completion date.

i. Settlement:

The parties will conduct settlement negotiations, and will discuss the possibility of submitting this case for alternative dispute resolution as discovery proceeds. If the parties agree to pursue alternative dispute resolution, we will notify the Court promptly.

j. Trial:

Both parties anticipate proceeding toward trial should discovery reveal that dispositive motions, ADR, or settlement are inappropriate. The Plaintiffs recommend that trial should be held in Chicago, Illinois. Defendant does not object to this recommendation.

k. Electronic Case Management:

The parties are aware of the Court's electronic case management procedures and will comply with them. In addition, the parties will cooperate with regard to the use of electronic document management techniques where possible.

l. Other Information:

There is no other information of which the Court should be made aware at this time.

Discovery:

The parties request a discovery period of nine months, commencing with the approval of this joint preliminary status report. The parties propose that expert reports be due 70 days before the end of the discovery period, with expert depositions to take place thereafter. The parties also propose that they file a joint status report proposing further proceedings within 30 days after the close of discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tele: (202) 616-0391
Fax: (202) 353-7988

Attorneys for Defendant

s/Paul E. Chronis
McDermott, Will & Emery
227 West Monroe Street
Chicago, Illinois 60606
(312) 372-2000 (Telephone)
(312) 984-7700 (Facsimile)

Attorney for Plaintiffs