**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 04-1692C<br>(Judge Christine O.C. Miller) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' STATUS REPORT**

Pursuant to the Court's October 20, 2006 Order, Plaintiffs hereby provide the following Status Report.

The law firm of Watt, Tieder, Hoffar & Fitzgerald, LLP was substituted as counsel by Motion filed October 3, 2006. Since our involvement in this matter, we have reviewed and analyzed approximately 60 boxes of documents received from previous counsel and 380 boxes of client documents warehoused in California. Based upon our review and analysis, it is our opinion that certain amendments to the December 26, 2002 certified claims at issue in the subject litigation should be made to change the total cost pricing methodology used in the initial claim submission to pricing based upon either a measured mile analysis or, at a minimum, modified total cost methodology. We also intend to perform a detailed schedule analysis that would segregate the delay between the two claims for entitlement purposes. In other words, the critical path delays attributable to the concrete mix design would be specifically identified as would be the critical path delay resulting from the labor shortage. Finally, we intend to provide adequate

justification in the amended claim as to how the Corps of Engineers' issuance of a $22.5 million modification to another contractor in the region increasing the compensation and benefits of its labor force and the subsequent Government conversion of that contract to cost-reimbursable adversely impacted the Montgomery Point Lock and Dam Project and resulted in a shortfall in manpower and skilled craft labor.

In order to attempt to make meaningful progress toward settlement, Plaintiffs proposed to Defendants in telephone voice mail messages and in correspondence as well as in a draft Joint Status Report submitted to Defendant's counsel on October 24, 2006, that we be allowed time to amend the claims at issue in this litigation to present more thorough claim analysis and claim pricing. We proposed that we complete the above-described amendments by January 3, 2007 and, after a period for review and analysis of the information by the Government, the parties endeavor to amicably resolve the claims.

The Plaintiffs do not believe that the amending of the claims in this manner will result in any issues relating to jurisdiction of the Court. The amended claims will continue to be based on the two primary contentions set forth in the original claims: (i) the labor shortage at the Montgomery Point Lock and Dam Project was caused by the Corps modification of Raytheon's contract at the nearby Pine Bluff Arsenal Project; and (ii) delays and impacts associated with the Corps' concrete mix design. Plaintiffs will not be alleging any "new" claims. Instead, Plaintiffs will be providing additional support and analysis on the original claims toward the goal of reaching an amicable resolution of the claims in a timely and cost-effective manner. We are not attempting to correct any "problems" with the propriety of the original certified claims.

The Defendant has rejected Plaintiffs approach (without a meeting as we had requested and without returning several phone calls), and instead filed a Status Report on Saturday, October 28, 2006 in which Defendant avers that Plaintiffs' proposal is "a step backward", accuses Plaintiffs of a "lack of diligence" and states that "we do not believe that the case is particularly meritorious anyway." This position is asserted despite a November 21, 2003 Contracting Officer's Final Decision that finds partial entitlement with respect to the concrete mix claim, stating "the contractor experienced difficulties in the early concrete placements because of problems caused by the particular Type C fly ash selected. Costs and impacts associated with this problem are the responsibility of the government . . . ."

Defendant's refusal to consider Plaintiffs' reasonable proposal to address and rectify Defendant's expressed concerns about the submitted claims and his allegations against Plaintiffs are disappointing. This effort will have to be undertaken regardless and Plaintiffs are simply attempting to provide the Government a more comprehensive understanding of Plaintiffs' position.

As new counsel, we have been tasked by Plaintiffs to move the case forward. We would like to have a 60-day period in which to complete the tasks described above and provide the Government with an amended certified claim. We also request that the Court delay the establishment of a deadline for completion of discovery until January 15, 2007.

We are available for a status conference at the Court's convenience.

Respectfully submitted this 30th day of October 2006.

/s/ Robert G. Watt

ROBERT G. WATT
WATT, TIEDER, HOFFAR & FITZGERALD, LLP
8405 Greensboro Drive
Suite 100
McLean, Virginia 22102
(703) 749-1000 (Telephone)
(703) 893-8029 (Fax)
rwatt@wthf.com

Attorneys for Plaintiffs

Of counsel:

KEITH C. PHILLIPS
WATT, TIEDER, HOFFAR & FITZGERALD, LLP
8405 Greensboro Drive
Suite 100
McLean, Virginia 22102
(703) 749-1000 (Telephone)
(703) 893-8029 (Fax)
kphillip@wthf.com