**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIREMAN'S FUND INSURANCE COMPANY, et al.,** | ) | |
| | ) | **Case No. 04-1692C** |
| **Plaintiffs,** | ) | **Judge Christine O.C. Miller** |
| **v.** | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR A SPECIAL SCHEDULE FOR SUMMARY EXHIBITS RELATED TO PLAINTIFFS' LABOR SHORTAGE CLAIM**

Plaintiffs Fireman's Fund Insurance Company, American Home Assurance Company, Fidelity and Deposit Company of Maryland, Universal Underwriters Insurance Company and J.A. Jones Construction Company and Guy F. Atkinson Construction Company, a Joint Venture ("Plaintiffs"), by counsel, pursuant to the Rules of the United States Court of Federal Claims, hereby submit their Opposition to Defendant's Motion for a Special Schedule for Summary Exhibits Related to Plaintiffs' Labor Shortage Claim.[1]

## I. Introduction

As an initial matter, Plaintiffs are pleased to note that the Government has apparently conceded that Plaintiffs have a cognizable legal claim for the labor shortage

[1] Defendant filed its Motion on Monday, August 18, 2008 and requested expedited consideration, including shortening Plaintiffs' response time to 4 days (or by Friday, August 22, 2008) instead of the usual 14 days set forth in Rule 7.2(a). While Plaintiffs disagree that expedited consideration is necessary for Defendant's unusual Motion, Plaintiffs hereby provide their Opposition within 7 calendar days of receipt of Defendant's Motion.

under the facts presented. Defendant has now turned its attention to disputing the factual basis of the labor shortage claim and seeks to force Plaintiffs, prior to the completion of discovery and outside of the discovery processes set forth by the Rules of the Court, to provide all final summary exhibits relating to the labor shortage claim within the next three weeks so that Defendant can file a Motion for Summary Judgment.[2]

The Defendant's previous proposal to submit a statement and responses outlining Plaintiffs' legal theories has proven unproductive and further delayed development of this case. Plaintiffs are confounded, however, by the Defendants newly proposed "format" to expedite summary exhibits prior to the completion of discovery.[3] Instead of further *ad-hoc* processes as proposed by Defendant, which would prejudice the Plaintiffs, Plaintiffs believe that permitting traditional discovery to proceed is the most effective and efficient method to advance the case. As such, Plaintiffs propose that the Court enter a Scheduling Order for fact discovery, expert reports and expert discovery as set forth in Section IV, below.

---

[2] While the Defendant is now posturing to file a Summary Judgment prior to the completion of discovery, the Plaintiffs' remind the Court of the Defendant's previous request for a statement of the Plaintiffs' legal theories:

> [W]hat I would suggest to counsel is we might be able to set up some kind of format where they'll set forth some kind of brief facts in law on what the nature of their claim for the superior knowledge or however they want to construe it.
>
> The idea is that whatever they say, I'm going to say that as a matter of law they have no claim.

July 21, 2008 Status Conference Transcript ("Transcript"), p. 16 (emphasis added).

[3] Since the majority, if not all, of the summary exhibits will be prepared by expert witnesses, Defendant's Motion in effect would require Plaintiff to finalize its expert reports long before fact discovery is complete.

The Defendant's rationale for the proposed expedited schedule for summary exhibits is wholly flawed. The Defendant's Motion for a Special Schedule for Summary Exhibits ("Defendant's Motion") states two purposes for the expedited schedule:

> The proposed schedule is necessary to avoid unfocused discovery into employment conditions for several classes of construction workers in an eight-state region over a period of several years. The proposed schedule is also likely to make it possible to resolve the labor shortage claim by summary judgment in the near future.

Defendant's Motion, p. 1-2.[4]

Neither rationale provided by the Defendant provides sufficient justification for the proposed format. First, the Defendant's assertion that because Defendant wants to file for summary judgment now, Plaintiffs should be forced to file summary exhibits before discovery is completed is extremely prejudicial to the Plaintiffs. Defendants' request is not supported by either the current status of the case, which is still in the fact discovery process, or the Court's Rules and case management practices. Plaintiffs also address the Defendant's statement that the proposed schedule is necessary to avoid "unfocused discovery" below. Finally, Plaintiffs propose a Scheduling Order that will facilitate the completion of fact discovery, expert reports and expert discovery and move the case along toward resolution.

[4] Notably, Defendant also requests that Plaintiff produce all summary exhibits relating to damages as well as entitlement in accordance with Defendant's schedule. Plaintiffs fail to discern how the production of damages exhibits at this early stage assists in the process advocated by the Defendant.

## II. Defendant's Desire to File a Summary Judgment Motion Does Not Provide Sufficient Basis for its Demand That Plaintiffs Finalize Summary Exhibits Prior to the Completion of Discovery

The Defendant's Motion requests an expedited schedule for Plaintiffs' summary exhibits, in part, because the Defendant believes summary exhibits will allow the Defendant to resolve the labor shortage claim through a Motion for Summary Judgment. The idea that the Defendant can demand the production of summary exhibits prior to the completion of discovery to facilitate its desire to file a Summary Judgment Motion contradicts the very purpose of discovery. The Court's Rules clearly state that summary exhibits should be submitted after the completion of discovery.

### A. Defendant-Caused Extensions and Delays

By requesting the Plaintiffs' summary exhibits through an expedited schedule, the Defendant is demanding that the Plaintiffs decide what evidence is most important, and prepare and produce all summary exhibits, long before fact discovery deadlines, and before the Defendant has produced all fact discovery. As discussed during the Status Conference on July 21, 2008, the Defendant has requested extensions of discovery deadlines and delayed the production of documents and witnesses. Recently, due to Defendant-caused delays, the Scheduling Order has been vacated. For the Defendant to cause discovery delays and refuse to produce witnesses and then demand the Plaintiffs' produce summary exhibits prior to the completion of discovery so it can file a Motion for Summary Judgment is prejudicial to the Plaintiffs and should not be countenanced by the Court.

Both the Defendant's production of electronic documents and the production of witnesses are important to the Plaintiffs' development of factual evidence. Plaintiffs only recently received a number of compact disks and DVDs of evidence from Defendant.

Plaintiffs and its experts are reviewing and analyzing this evidence and anticipate that this data contains numerous documents that will be relevant to and supportive of the labor shortage claim.

### B. The Court of Federal Claims Rules Address the Exchange of Summary Exhibits Upon Completion of Discovery

In addition to the discovery delays created by the Defendant that make the Defendant's demand wholly unfair, the Rules of the Court of Federal Claims also suggest the Defendant's proposed expedited schedule for summary exhibits is untenable. The Plaintiffs recognize that the Court may modify procedures as appropriate for each case, but in this instance, the Defendant's demand for an expedited schedule is solely for the benefit of the Defendant and unlikely to meaningfully resolve any significant issues.

In the Appendix to the Court's Rules, Section I states that one purpose of the Court's case management procedures is "uniformity of practice":

> I. PURPOSE
> …
> 2. Uniformity of practice within the court also is an important goal of these procedures. For the purpose of promoting the efficient administration of justice, a judge may modify these procedures as appropriate, or the parties may suggest modification of these procedures to meet the needs of a particular case.

Appendix A, Case Management Procedure.

The Defendant's proposed expedited schedule for summary exhibits does not meet the needs of this case. During the July 21, 2008 Status Conference, the Court expressed a strong desire to move the case forward: "When we have fact trials, the longer we wait the worse the quality of the witness evidence. We're jeopardizing that at this point." Transcript, p. 7. The Defendant's proposed schedule does nothing to move

this case forward and, in fact, will further delay this case. As the Defendant admits, there is a strong possibility that the Defendant's Summary Judgment Motion will be unsuccessful. Respectfully, the administration of justice would be best served by the Court's establishment of a Scheduling Order and allow the parties to exchange summary exhibits after the completion of fact discovery. If at that time the Defendant still desires to go forward with a Summary Judgment Motion, it will be the appropriate time – i.e., after both parties have received, reviewed and analyzed all of the salient facts.

Furthermore, the Court Rules specifically address the exchange of summary exhibits:

> 13. Meeting of Counsel. For cases to be resolved by trial, counsel for the parties shall meet no later than 63 days before the pretrial conference and accomplish the following:
>
> > (a) Exhibits. Exchange a list of all exhibits (including summaries, see Fed. R. Evid. 1006) to be used at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment. . . . In the case of exhibits to be offered as summaries under Fed. R. Evid. 1006, the offering party shall provide opposing counsel with a statement with respect to each summary exhibit describing the source(s) for the items or figures listed . . . .

Appendix A, Case Management Procedure, VI, ¶ 13.

The Defendant's proposed expedited schedule for summary exhibits requires the Plaintiffs to determine the most relevant evidence of the Montgomery Point Project labor shortage now before the Defendant has produced all of its documents, witnesses and answers to requests. Such a procedure would encourage the Government in the future to delay its own production of documents, witnesses and answers to requests while simultaneously demanding that the Plaintiffs determine the most relevant facts related

to the case. By requesting all summary exhibits relating to entitlement and quantum, Defendant appears to be requesting that Plaintiffs finalize their expert reports by mid-September. Plaintiffs have engaged multiple expert witnesses to opine on scheduling, damages, and the labor shortage. Each expert is working to prepare their reports to support a March 2009 trial. Defendant's Motion appears to simply be an attempt to undermine Plaintiffs' trial preparation and require that Plaintiffs' experts substantially accelerate their work to meet Defendant's arbitrary deadline.

A more appropriate procedure is to set fact discovery, expert reports and expert discovery deadlines through a Scheduling Order to facilitate the completion of summary exhibits.

## III. <u>Defendant's Complaint of "Unfocused Discovery" is Not Plausible</u>

The Defendant also states that an expedited schedule for Plaintiff to file summary exhibits is "necessary to avoid unfocused discovery into employment conditions for several classes of construction workers in an eight-state region over a period of several years." Plaintiffs are nearing completion of document discovery efforts, and have previously requested depositions and responses to interrogatories. Defendant has never asserted that the Plaintiffs' discovery requests are overly-broad or "unfocused." Thus, Plaintiffs assume Defendant is referencing its own discovery efforts as potentially "unfocused."

The Defendant's discovery efforts to date have been very focused: "Fireman Fund, to their credit, has an enormous stockpile of documents. Basically what the government says is we'll take our chances by looking at the 51 boxes that [Plaintiffs] looked at." Transcript, p. 9. Going forward, the Defendant is apparently concerned about undertaking "unfocused discovery" of "employment conditions for several classes

of construction workers in an eight-state region over a period of several years." Unfortunately for the Defendant, this labor market was clearly established by the Corps of Engineers when it issued the Pine Bluff Modification and the Pine Bluff Project subsequently began recruiting traveler employees from those eight states to the great detriment of the Montgomery Point Project.

Furthermore, any discovery by the Defendant into "employment conditions" in the eight-states should be narrow and limited since the primary concern is <u>the labor shortage created at the Montgomery Point Project</u>. At no point have the Plaintiffs asserted that a labor shortage existed in each of the eight states from which the Pine Bluff Project and Montgomery Point Project recruited. Plaintiffs' expert witnesses are analyzing the labor market for the Montgomery Point Project and the competing Pine Bluff Project without complaint that their efforts are "unfocused" or that the labor pool being analyzed is too broad.

## IV. <u>Plaintiffs' Proposed Scheduling Order</u>

To date, the Plaintiffs and the Defendant have worked cooperatively in discovery, including requests for time extensions. In the Defendant's most recent Motion, however, the Defendant has made an unreasonable demand by insisting that the Plaintiffs' schedule and deadlines be accelerated while the Defendant is allowed to proceed with no clear deadlines. A more appropriate action would be to set a definitive Scheduling Order for both parties and allow fact and expert discovery to continue in the normal course.

The Court expressed a desire to conduct the trial of this matter in March 2009. With that trial date in mind, the Plaintiffs propose the following Scheduling Order to the Court:

(1) Fact discovery shall be completed by December 1, 2008.

(2) The parties shall exchange expert reports by December 19, 2008.

(3) The parties shall exchange rebuttal expert reports (if any) by January 16, 2009.

(4) All discovery shall be completed by January 30, 2009.

(5) Final Pre-trial conference the week of March 2, 2009

Furthermore, Plaintiffs are willing to agree that <u>all parties</u> produce any and all summary exhibits (except those to be used exclusively for impeachment or for use in rebuttal expert reports) by the expert report date of December 19, 2008. Unlike the Defendant's proposal, these deadlines will definitively move this case forward while allowing the Defendant to undertake any Summary Judgment Motion well in advance of trial. These deadlines are not prejudicial to either party and these deadlines assure the Court that all parties can satisfy a March 2009 trial date. Plaintiffs respectfully request that the Court enter a Scheduling Order reflecting these deadlines.

## V. <u>CONCLUSION</u>

Having apparently abandoned its attempt to obtain dismissal of Plaintiffs' labor shortage claim on solely legal grounds, Defendant now seeks to prejudice Plaintiffs' case by forcing it to provide all summary exhibits well prior to the completion of discovery. As set forth by the Court's Rules and Case Management Procedure, the Court should not permit Defendant to undercut Plaintiffs' case preparation in order to facilitate Defendant's apparent desire to file a Summary Judgment Motion. Plaintiffs respectfully request that the Court deny the Defendant's Motion and enter a Scheduling Order as set forth above for the completion of discovery in accordance with the Court's established procedures and rules.

Respectfully submitted this 25th day of August 2008.

/s/ Robert G. Watt
Robert G. Watt, Esquire
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000 Phone
(703) 893-8029 Facsimile
rwatt@wthf.com

Attorneys for Plaintiffs

Of Counsel:

Keith C. Phillips, Esquire
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000 Phone
(703) 893-8029 Facsimile
kphillip@wthf.com