# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **FIREMAN'S FUND INSURANCE CO., *et al.*,** | * | |
| Plaintiffs, | * | |
| v. | * | No. 04-1692C |
| **THE UNITED STATES,** | * | (Filed Aug. 28, 2008) |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiffs on August 5, 2008, filed Plaintiffs' Statement of Claim. Defendant on August 12, 2008, filed Defendant's Response to Plaintiffs' Statement Describing the Purported "Labor Shortage" Claim and Plaintiffs' Reply to Defendant's Response to the Statement of Claim was filed on August 15, 2008. Thereafter, defendant on August 18, 2008, filed Defendant's Motion for a Special Schedule for Summary Exhibits Related to Plaintiffs' "Labor Shortage" Claim and moved for expedited consideration. Plaintiffs on August 25, 2008, filed their opposition and defendant replied on August 26, 2008.

Unlike defendant, the court found Plaintiffs' Statement of Claim filed on August 5, 2008, to be expositive and illuminating. Plaintiffs accomplished what defendant sought at the status conference held on July 21, 2008, to discuss the progress of discovery. Plaintiffs presented their legal theory of the case in some detail. Now that defendant has an attorney assigned to the case who will see it through litigation, discovery and other delays for which the Government has been responsible will not inhibit the progress of proceedings. However, to approve a discovery schedule that puts plaintiffs in the position of defending their progress and coming forward with their factual proofs before fact discovery is completed is to transmogrify the history of this long-developing litigation. The courts cautions defendant's usually meticulous counsel, because he has taken liberties in interpreting statements in plaintiffs' recent filings.

Adoption of defendant's proposed schedule would lead to a summary judgment motion opposed under RCFC 56(f) with a motion to complete the discovery that plaintiffs

are pursuing at this time. Plaintiffs' proposed schedule is reasonable, and its adoption will facilitate a trial commencing on March 23, 2009.

The court is amenable at any time to a request to tailor a special schedule and to order the preparation of special exhibits. However, defendant has justified neither type of request in this instance. Accordingly,

**IT IS ORDERED**, as follows:

1. Defendant's motion for expedited briefing on its motion is denied, as this was the Government's first breath of timeliness interjected into the proceedings in over three years.

2. Defendant's motion for a special schedule is denied.

3. Fact discovery shall be completed by December 1, 2008.

4. The parties shall exchange expert reports, including summary exhibits, by December 19, 2008.

5. Rebuttal reports, if any, shall be exchanged by January 16, 2009.

6. All discovery shall be completed by January 30, 2009.

7. Paragraph 8 of the order entered on July 22, 2008, remains in effect.

8. A further status conference shall be held at 3:00 p.m. on Wednesday, February 4, 2009, in the Howard T. Markey National Courts Building, to set the dates for all pretrial proceedings.

9. Trial, not to exceed eight days, shall commence at 10:00 a.m. on Monday, March 23, 2008, in the Howard T. Markey National Courts Building.

s/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge